UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 16-cr-20499-01

v                                                   Honorable Thomas L. Ludington

D-1, SCOTT DAVID MCQUARRIE,

        Defendant.
_____/

## ORDER PROVIDING NOTICE THAT COUNT FOUR MAY BE SEVERED, GRANTING MOTION TO STRIKE, AND STRIKING INADVERTENTLY FILED MOTION TO DISMISS

Scott McQuarrie was indicted on June 13, 2016, with six counts alleging that he made false statements and converted collateral pledged for a loan he received from the Farm Service Agency (FSA). ECF No. 1. On June 8, 2017, a superseding indictment was returned which charged Scott McQuarrie with twelve counts and which named his parents, David Allen McQuarrie and Yvonne Evelyn McQuarrie, as co-Defendants in two counts. On November 1, 2017, a second superseding indictment was issued which charged the three Defendants with an additional two counts, for a total of fourteen counts. ECF No. 42. On January 10, 2018, and February 14, 2018, third and fourth superseding indictments were issued (no new counts were added). ECF No. 76, 103.

Trial is scheduled to being on March 20, 2018. On March 18, 2018, Defendant Scott McQuarrie filed a motion to dismiss Count Four of the fourth superseding indictment. ECF No. 130. Scott McQuarrie also filed a motion to dismiss which had clearly been previously filed in another case. ECF No. 129. Scott McQuarrie immediately filed a motion to strike ECF No. 129 because it had been inadvertently uploaded. ECF No. 131.

Count Four of the fourth superseding indictment charges Scott McQuarrie with the

conversion or concealment of a TW 25 tractor which had been pledged by Scott McQuarrie as collateral to the Secretary of Agriculture, in violation of 18 U.S.C. § 658. The original indictment also includes Count Four. There are two differences between the original Count Four and the Count Four in the fourth superseding indictment. First, the collateral was identified as a "jib plow" in the original indictment and identified as a "TW 35 tractor" in the fourth superseding indictment. Second, the crime is alleged to have occurred sometime after March 3, 2012, in the original indictment, but after July 20, 2011, in the fourth superseding indictment.

Scott McQuarrie argues that Count Four of the fourth superseding indictment should be dismissed because it falls outside the five year statute of limitations for the offense of conversion. Mot Dismiss at 1, ECF No. 130 (citing § 18 U.S.C. § 3282). He argues that, because the fourth superseding indictment was filed on February 14, 2018, and Count Four took place sometime after July 20, 2011, Count Four falls outside the five year statute of limitations.

"'[A] superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations.'" *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999) (quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir.1976)). "An indictment is broadened 'when the government, the court, or both, broadens the possible bases for conviction beyond those presented by the grand jury.'" *United States v. Watford*, 468 F.3d 891, 908 (6th Cir. 2006) (quoting *United States v. Duran*, 407 F.3d 828, 842 (7th Cir.2005)). "In determining whether a superseding indictment broadens the charges in the original indictment, the touchstone is whether the original indictment provided notice of the charges such that the defendant can adequately prepare his or her defense." *Id.* (citing *Smith*, 197 F.3d at 229). "[M]oving charges or details of actions from one Count to another, or consolidating several Counts into one, are fairly innocuous changes of form

that save a superseding indictment from statute of limitations preemption." *Smith*, 197 F.3d at 229. Similarly, "clerical errors" corrected by later amendments do not "broaden" the charges in the indictment for statute of limitations purposes. *United States v. Rosenbaum*, 628 F. App'x 923, 931 (6th Cir. 2015).

Here, the differences between the original (and first, second, and third) superseding indictments and the fourth superseding indictments appear to constitute more than mere corrections of clerical errors or structural changes. "Jib plow[s]" and "TW 35 tractor[s]" appear to be separate pieces of equipment. Unless Scott McQuarrie should have reasonably understood that the Government was referring to a TW 35 tractor when it referenced a jib plow, he was not put on notice of the asset (and corresponding transactions) which form the basis for Count Four as charged in the fourth superseding indictment. Given the late stage at which this issue has been raised (and because the Government has not yet responded), the most sensible course of action is to sever Count Four. This course of action will permit briefing on the motion to dismiss to follow the normal schedule. Alternatively, if the Government provides a response before jury selection begins tomorrow, the motion to dismiss may be resolved on its merits.

In either event, Scott McQuarrie's motion to strike the inadvertently filed motion will be granted, and the mistakenly filed motion to dismiss will be stricken.

Accordingly, it is **ORDERED** that Scott McQuarrie's motion to strike, ECF No. 131, is **GRANTED.**

It is further **ORDERED** that Scott McQuarrie's inadvertently filed motion to dismiss, ECF No. 129, is **STRICKEN.**

Dated: March 19, 2018                      s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2018.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager