UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,            Case No. 16-cr-20499-01

v                                           Honorable Thomas L. Ludington

D-1, SCOTT DAVID MCQUARRIE,

            Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR DISCLOSURE OF JENCKS AND GIGLIO MATERIAL**

      Scott McQuarrie was indicted on June 13, 2016, with six counts alleging that he made false statements and converted collateral pledged for a loan he received from the Farm Service Agency (FSA). ECF No. 1. On June 8, 2017, a superseding indictment was returned which charged Scott McQuarrie with twelve counts and which named his parents, David Allen McQuarrie and Yvonne Evelyn McQuarrie, as co-Defendants in two counts. On November 1, 2017, a second superseding indictment was issued which charged the three Defendants with an additional two counts, for a total of fourteen counts. ECF No. 42. On January 10, 2018, and February 14, 2018, third and fourth superseding indictments were issued. ECF No. 76, 103. On March 8, 2018, Defendant Scott McQuarrie filed a motion seeking an order compelling early disclosure of Jencks and Giglio materials. ECF No. 120.

      On March 20, 2018, a jury was selected. After jury selection, several outstanding issues were addressed on the record. Among other things, Defendant Scott McQuarrie's motion for Jencks and Giglio materials was discussed. The Government indicated that most of the requested material had been disclosed. However, certain grand jury testimony related to one of the superseding indictments had not been disclosed because that information is covered by the secrecy

protections of Federal Rule of Criminal Procedure 6(e). The Government indicated that the testimony transcript would be provided after authorization by the Court. In reliance on the representations made on the record, Scott McQuarrie's motion for disclosure of Jencks and Giglio material will be granted in part.

# I.

Disclosures of grand jury matters to defense counsel are governed by Rule 6(e)(3)(E). That section provides as follows:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> (i)     preliminarily to or in connection with a judicial proceeding;
>
> (ii)    at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

*Id.* The Supreme Court has "consistently construed the Rule . . . to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). In order to show a particularized need for disclosure of grand jury materials, the moving party must show: "[T]he material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." *Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990).

Here, the Government seeks leave to disclose grand jury testimony of an individual who will testify at trial. "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). But "[t]he defendant is only entitled to the statement after the

witness has testified." *Id.* In *Short*, the Sixth Circuit clarified that, when "pretrial disclosure of grand jury transcripts" is sought, a showing of "particularized need" must be made to the district court. *Id.* at 186.

Because the Jencks Act will require disclosure of the transcript at trial, the request for pretrial disclosure is reasonable. The Jencks Act constitutes a congressional conclusion that disclosure of the grand jury testimony of trial witnesses to defense counsel is necessary for a fair trial. Early disclosure will enable the Defendant to prepare his defense and thus will avoid unnecessary delays. Additionally, in this context, many of the policy considerations undergirding the secrecy requirement are not implicated. An indictment has been issued, so there is no danger of informing an individual that they are being investigated by a grand jury. Grand jury proceedings have ceased, so disclosure will not risk interference with deliberations, potential witnesses, or potential evidence. Further, the Court should provide a certain level of deference to the Government's belief that disclosure is appropriate. *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1092 (7th Cir. 1982). Federal Rule of Criminal Procedure 6(e)(3)(E)(i) authorizes the Court to permit disclosure "at a time, in a manner, and subject to any other conditions that it directs." To protect against unwarranted further disclosures of the transcript in question, the Court will impose limitations on its use. Thus, disclosure of the transcript in question will be required in the future, the need for secrecy is diminished, and the request is narrowly tailored given the requested protective order. The Government has shown a particularized need for disclosure, and the request will be granted.

## II.

Accordingly, it is **ORDERED** that the Defendant Scott McQuarrie's motion for early disclosure of Jencks and Giglio material, ECF No. 120, is **GRANTED in part.**

It is further **ORDERED** that the Government is **DIRECTED** to provide the Defendant with the transcript of the grand jury testimony identified on the record. This order should not be construed as authorizing disclosure of any other grand jury materials.

It is further **ORDERED** that the Defendants and their Attorneys are **DIRECTED** to strictly maintain the confidentiality of any grand jury testimony produced by the Government. The disclosure is made pursuant to the following conditions:

1. Defense counsel may use the materials only as necessary in the representation of the Defendant.

2. Counsel may make copies of or reveal the contents of the materials to defense counsel's legal assistants, defense investigators, defense experts, and other employees assisting in defense preparations in this case, to the extent disclosure is necessary to effectively represent the Defendant. If defense counsel provides the materials to any person associated with the defense, defense counsel must instruct that person that further disclosures are prohibited.

3. Defense counsel must retain custody of the materials and any copies made at all times and must not disclose or reveal the contents of those materials to any other persons, including in public filings, without prior authorization of the Court. Upon conclusion of the case or termination as counsel for Defendants, defense counsel must return the materials and any copies made to the Government.

Dated: March 20, 2018                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2018.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager