UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Case No. 16-cr-20499-01

v                                                Honorable Thomas L. Ludington

D-1, SCOTT DAVID MCQUARRIE,

               Defendant.

_____/

## ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR DISCLOSURE OF *BRADY* MATERIALS

Scott McQuarrie was indicted on June 13, 2016, with six counts alleging that he made false statements and converted collateral pledged for a loan he received from the Farm Service Agency (FSA). ECF No. 1. On June 8, 2017, a superseding indictment was returned which charged Scott McQuarrie with twelve counts and which named his parents, David Allen McQuarrie and Yvonne Evelyn McQuarrie, as co-Defendants in two counts. On November 1, 2017, a second superseding indictment was issued which charged the three Defendants with an additional two counts, for a total of fourteen counts. ECF No. 42. On January 10, 2018, and February 14, 2018, third and fourth superseding indictments were issued. ECF No. 76, 103. A trial on the fourth superseding indictment was held in late March of 2018.

Two days before jury selection occurred, Scott McQuarrie filed a motion to dismiss Count Four of the fourth superseding indictment. ECF No. 130. Given the temporal proximity between the filing of the motion to dismiss and the beginning of trial, Count Four was severed. The jury acquitted Scott McQuarrie of Count Nine and convicted him of the remaining counts, leaving Count Four as the only unresolved count. ECF No. 148.

On April 11, 2018, Defendant Scott McQuarrie filed a motion for acquittal and a new trial. ECF No. 168. The motions were denied on July 17, 2018. ECF No. 204. On July 19, 2018, Defendant Scott McQuarrie filed a motion for discovery of *Brady* materials necessary to resolve challenges to the Presentence Investigation Report. The motion will be denied for the following reasons.

I.

The *Brady* rule imposes "a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). This obligation "encompasses both exculpatory and impeachment evidence when such evidence is material." *Jells v. Mitchell*, 538 F.3d 478, 501 (6th Cir. 2008) (citing *United States v. Bagley*, 472 U.S. 667, 676 (1985)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281.

The Government in its response correctly asserts that *Brady* cannot be treated as a discovery tool. Pl.'s Resp., ECF No. 221 at 2; *United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990) ("[T]he Supreme Court has made clear that the *Brady* rule is not an evidentiary rule which grants broad discovery powers to a defendant and that '[t]here is no general constitutional right to discovery in a criminal case.'") quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). In its motion for disclosure of *Brady* materials, Defendant requests a broad list of generic documents, but does not explain how the documents are connected with factual challenges to the Presentence Investigation Report. Defendant's list is more akin to a discovery request rather than a request for disclosure of *Brady* materials and cannot be granted.

The Government additionally has an obligation to provide *Brady* materials under the Court's scheduling order of July 29, 2016, ECF No. 8. It requires the Government to, upon request

of defense counsel, "Provide defense counsel with the information described in Federal Rule of Criminal Procedure 16(a)(1)," and "[p]ermit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 105 (1972)." The order affirms that the government's "duty to disclose is continuing, even through trial." The order further provides that its "purpose…is to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses."

Defendant's motion requests a substantial amount of information that can be broadly labeled as impeachment and exculpatory evidence. To the extent that the information requested is within the scope of mandatory disclosures under Rule 16 and *Brady*, it is also within the purview of the Court's scheduling order. Furthermore, the Government asserts that it has "already given Defendant much of the information he seeks in his current motion," including Defendant's FSA payment history. Pl.'s Resp., ECF No. 221 at n. 2. The Government has provided Defendant with the information that Defendant claims is needed for the Presentence Investigation Report. It is unnecessary for the Court to order the Government to provide this information again.

Thus, the Government has already been directed to provide *Brady* materials and is under a continuing obligation to do so. As a result, Defendant's motion is moot.

**II.**

Accordingly, it is **ORDERED** that Defendant's motion for disclosure of Brady materials, ECF 207, is **DENIED AS MOOT**.

Dated: August 22, 2018              s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2018.

                                  s/Kelly Winslow
                                  KELLY WINSLOW, Case Manager